STEPHEN HELIOTOS, PLAINTIFF, v. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, A BODY CORPORATE, ET AL., DEFENDANTS.

Argued January 18, 1927—Decided July 7, 1927.

Plaintiff sued on four policies of fire insurance, each for $2,500 and for a single consideration and upon personal chattels, consisting of merchandise and fixtures, contained in a single store building. The policies, which were in New Jersey standard form, contained this condition: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of the insurance be personal property and be or become encumbered by chattel mortgage." None of the policies had any agreement endorsed thereon or added thereto, permitting any encumbrance by chattel mortgage. At the trial it conclusively appeared that plaintiff, prior to the issuance of the policies, executed a chattel mortgage for $2,000 to secure the purchase price of the fixtures which plaintiff caused to be insured by the defendants, without disclosing the existence

of this mortgage, and without obtaining the consent of the defendants, and that this mortgage was a subsisting lien at the time of the fire—*Held*, that such policies were void, not only with respect to the property covered by the mortgage, but with respect to all other insured property covered by the policies, and that a verdict for the defendants was properly directed.

On plaintiff's rule to show cause why defendants' directed verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Ward Kremer.*

*Contra, Arthur T. Vanderbilt.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit is upon four policies of fire insurance, each for $2,500 and for a single premium or consideration and upon personal chattels, consisting of merchandise and fixtures, contained in a single store building.

The policies, which are in standard form, contain this condition:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void  *   *   * if the subject of the insurance be personal property and be or become encumbered by a chattel mortgage."

None of the policies have any agreement endorsed thereon or added thereto permitting any encumbrance by a chattel mortgage.

At the trial, at the Monmouth Circuit, it also appeared, without dispute, that plaintiff, several months prior to the issuance of the policies of insurance, executed a chattel mortgage to Viola H. Beringer to secure the payment of $2,000 which represented the purchase price of the fixtures sold by her to the plaintiff, and which fixtures plaintiff thereafter caused to be insured by the defendants without disclosing the existence of this chattel mortgage and without obtaining the consent of the defendants to this encumbrance, and that this mortgage was a subsisting lien at the time of the fire.

In this posture of the proofs the trial judge directed a verdict for the defendants, and we think rightly.

The argument of the plaintiff to the contrary is that the chattel mortgage on a part of the personal property does not invalidate the policies with respect to the goods destroyed which were not covered by the mortgage.

We think that argument is unsound for reasons which we will now state.

These policies in suit were policies written in standard form, approved by governmental authority in New Jersey (2 *Comp. Stat., p.* 2862, § 77), and, therefore, where the language of the policies is clear and unambiguous, will be enforced according to their plain provisions. *Precipio* v. *Insurance Company of the State of Pennsylvania (Court of Errors and Appeals,* February term, 1927), *post, p.* 589; *Del Guidici* v. *Importers, &c., Insurance Co.,* 98 *N. J. L.* 435; *Mick* v. *Corporation of Royal Exchange,* 87 *Id.* 607; *Kupfersmith* v. *Delaware Insurance Co.,* 84 *Id.* 271; *Martin* v. *Insurance Company of North America,* 57 *Id.* 623.

In *Martin* v. Insurance Company of North America it was held that language similar to the language of the contracts in question was "plain and must control."

In *Sun Insurance Office of London* v. *Merz,* 63 *N. J. L.* 365, it was held that the rule "in respect to insurance contracts which are invalid in part is that if the consideration is single and the contract entire and not separable the whole contract is void."

As we have pointed out, the consideration of each of the policies in the present case was single and each covered the same property all in a single building, and the contracts were indivisible, and, consequently, the chattel mortgage avoided them entirely.

An argument similar to that of the plaintiff was urged in *Martin* v. *Insurance Company of North America, supra,* in an effort to save a portion of the policy from forfeiture. In that case the property consisted of a two-story frame building and certain chattels contained in it. The court sustained a demurrer to a declaration on the ground that the subject of insurance was a building located on ground not owned by

the assured in fee-simple. It was urged upon the court that the avoidance of the policy with respect to the building did not avoid the cause of action with regard to the chattels contained in the building. The court said on this point: "We have looked to see whether the suit might not go on as to the chattels contained in the building. The words of the written contract are: 'This entire policy, &c., shall be void if the subject of insurance is a building,' &c. This language is plain and must control."

We think that the cited cases govern the present case and justify the trial court's interpretation of the provision that "this *entire* policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

The purpose of this provision is quite apparent. An insurer must rely upon the character and good faith of the assured, and upon his interest in the preservation of his property from destruction by fire. One who is the sole and unconditional owner of property is likely to be more concerned about its preservation than one who merely has a fractional interest therein. Similarly, one who holds property free from encumbrances is likely to take greater pains to protect it than one who has a mere equity in it. This declining interest would affect not only the property covered by the mortgage, but all other insured property covered by the policy where, as here, it was all in the same building and the risk substantially the same on all. For these reasons it is provided that the encumbrance shall avoid the *entire* policy. A chattel mortgage, in the eyes of an insurer, is an indication of the possibility of an undesirable risk. If the mortgage is brought to its attention, and the insurer after investigation is satisfied to continue its policy, the clause in question is supplanted by an endorsement attached to the policy in accordance with the terms of the standard policy. But if the assured does not disclose the chattel mortgage, he deprives the insurer of the right and opportunity to cancel its policy, if it should determine that the risk is an undesirable one.

The argument of plaintiff with respect to the unfairness of a forfeiture of a policy, if only part of the property is encumbered, ignores a very vital consideration. The *fact* that an assured has or subsequently obtains a chattel mortgage on insured property is equally as important to the insurer as the *extent* of the mortgage. The chattel mortgage is *per se* an important indication concerning the financial status of an assured. It raises a question as to which the insurance company should have an opportunity to satisfy itself, if it sees fit to so provide in its contract. These policies require disclosure to, and the consent of, the insurer on penalty of forfeiture. Insurance companies have the same rights as individuals to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy or statutory provisions. The condition in question is part of the New Jersey standard form, and, therefore, has the express sanction of governmental authority. Certainly, reason and justice require that where (as here) the various classes of property are so situated in respect to each other that the risk is substantially the same on all, a breach of the condition which increases the risk on one class of the property insured should forfeit the whole insurance.

We believe that the conclusion which we have reached upon a consideration of our own cases is in harmony with the great weight of authority elsewhere.

*Dumas* v. *Northwestern National Insurance Co.,* 12 *App. D. C.* 245; 40 *L. R. A.* 358, is a case in point, the factual situation and the contract of insurance being similar to those in the present case. About one-half of the property insured was encumbered by a chattel mortgage without the insurer's consent. Counsel for the assured argued that this should not prevent a *pro tanto* recovery. The court said (page 263) : "Again, the answer to this is found in the contract itself. It is one single and entire contract; and the conditions which operate to invalidate it expressly provide that it shall be avoided in its entirety." That conclusion was reached after an extensive review of decisions in other jurisdictions.

The rule in the present case will be discharged, with costs.